UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WEN YU,

              Plaintiff,

  v.

MEESHA SIDHU,

              Defendant.

Case No. C25-5203-JNW-MLP

ORDER

Plaintiff Wen Yu, currently confined at the Western State Hospital, brings this action under 42 U.S.C. § 1983. He alleges Defendant Meesha Sidhu improperly petitioned for and administered involuntary medication. (Dkt. # 6.) This matter is before the Court on a Motion (dkt. # 13) filed on Plaintiff's behalf seeking translation of documents, suspension of deadlines, and copies of documents to be provided to family member Yinghua Chen.[1] Defendant filed an opposition to the Motion (dkt. # 14), and an "Emergency Reply" was filed in support of the Motion (dkt. # 20).[2]

---

[1] Although the Motion was styled "Ex Parte," it cited no authority permitting such an *ex parte* motion. The Motion was noted pursuant to Local Civil Rule 7(d)(2) and Defendant was permitted to respond. (*See* dkt. ## 13-15.)

[2] Although the reply was untimely filed, the Court has considered it.

ORDER - 1

     The Motion requests that the Court:

     (1) continue designating a person (e.g., court clerk or agent) to deliver a Chinese-language Pro Se Manual and all legal documents to Plaintiff until the hospital ceases withholding Plaintiff's mail, enabling Plaintiff to send and receive mail independently; (2) provide Chinese translated copies of all legal documents in this case; (3) send copies of all legal documents via email (yhygcsz@protonmail.com) to Plaintiff's family member, Yinghua Chen; and (4) suspend all time-sensitive response deadlines.

(Dkt. # 13 at 1.) The Motion states that these measures are "necessary due to Plaintiff's language barriers, ongoing withholding of legal documents by Western State Hospital social worker Eric Paulsen, and Plaintiff's inability to understand time-sensitive deadlines[.]" (*Id.*)

     Ms. Chen indicates that she prepared the Motion and the reply brief, placed a scanned image of Plaintiff's signature on them, and mailed them to the Court. (*See* dkt. # 13 at 5-6; dkt. # 20-3 at 3, 42.) The Motion concludes with an image of Plaintiff's signature, underneath which Ms. Chen wrote "Signed by Authorized Representative Yinghua Chen using Wen Yu's authorized electronic signature" and provided what appears to be her signature. (Dkt. # 13 at 5; *see also* dkt. # 20 at 13 (reply brief "[s]ubmitted by authorized representative Yinghua Chen using Plaintiff's scanned signature").) At the bottom of a declaration by Plaintiff in support of the reply brief is an image of his signature along with the statement: "Due to hospital restrictions preventing physical signing, I authorize Yinghua Chen to sign this declaration on my behalf." (Dkt. # 20-1 at 28.)

     Ms. Chen does not indicate she is Plaintiff's counsel, nor has she cited any provision of law or other authority enabling her to file court documents on Plaintiff's behalf. "A non-attorney may not appear on behalf of anyone other than himself in court." *Brandon v. Strange*, 2024 WL 3372832, at *1 (W.D. Wash. July 11, 2024) (citing *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997)). While certain exceptions exist, none appear applicable here. For

ORDER - 2

1  example, a petition for a writ of habeas corpus may be filed by a prisoner's "next friend," but this
2  action does not involve a habeas petition. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990)
3  (discussing "next friend" standing); 28 U.S.C. § 2242 (habeas petition must be signed by the
4  person seeking relief "or by someone acting in his behalf"). The Supreme Court has "declined to
5  expand 'next friend' standing beyond what was authorized by Congress in the habeas corpus
6  statute." *Naruto v. Slater*, 888 F.3d 418, 422 (9th Cir. 2018) (citing *Whitmore*, 495 U.S. at 164-
7  65).

8        When a party has been found "incompetent," the Federal Rules of Civil Procedure permit
9  a general guardian, conservator, or "like fiduciary" to sue on the party's behalf. Fed. R. Civ. P.
10  17(c)(1)(A). "[A]n incompetent person who does not have a duly appointed representative may
11  sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c). "The court must appoint a
12  guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person
13  who is unrepresented in an action." *Id.*

14        The Court understands that Plaintiff's competence may be at issue in this action, where
15  Plaintiff challenges a state court order permitting involuntary medication intended to restore his
16  competency. (*See* dkt. # 15, ¶¶ 2-3, Ex. A (dkt. # 15-1).) However, nothing in the record before
17  the Court sheds any light on whether Plaintiff is currently incompetent, nor whether Ms. Chen is
18  his guardian, conservator, or fiduciary. The Motion cites only hospital restrictions and language
19  barriers, not Plaintiff's competence, as the reason Plaintiff requires Ms. Chen's assistance in
20  filing documents with this Court.

21        Furthermore, while Rule 17(c)(2) allows a guardian or other person to sue on behalf of an
22  incompetent individual, the rule "does not authorize a non-attorney suing as next friend to
23  proceed *pro se*. Rather, the general rule is that the next friend must retain counsel." *Reed v.*

ORDER - 3

1  *Cmty. Health Care*, 2025 WL 1645210, at *3 (W.D. Wash. June 10, 2025) (citation omitted),

2  *reconsideration denied*, 2025 WL 1866175 (W.D. Wash. July 7, 2025). Ms. Chen does not

3  appear to have retained counsel on Plaintiff's behalf.

4        In short, it does not appear that Ms. Chen has any authorization to file a motion on

5  Plaintiff's behalf. The Court concludes that the Motion is not properly before this Court.

6  Accordingly, the Motion (dkt. # 13) is hereby STRICKEN. The Clerk is directed to send copies

7  of this order to the parties and to the Honorable Jamal N. Whitehead.

8        Dated this 26th day of August, 2025.

                                                MICHELLE L. PETERSON
                                                United States Magistrate Judge