UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WEN YU,

           Plaintiff,

   v.

MEESHA SIDHU,

           Defendant.

Case No. C25-5203-JNW-MLP

ORDER

      In this action proceeding under 42 U.S.C. § 1983, Plaintiff Wen Yu, who is detained at Western State Hospital ("WSH"), alleges Defendant Meesha Sidhu participated in subjecting him to improper involuntary medication. (*See* dkt. # 6.) On September 29, 2025, the Court received a document by mail that contains copies of two declarations written and signed by Plaintiff on August 6, 2025, and a cover letter by his family member Yinghua Chen dated September 24, 2025.[1] (*See* dkt. # 45.) Ms. Chen's letter explains that Plaintiff told her he had mailed the original documents to the Court but when Ms. Chen contacted the Clerk's Office she learned that they had not been received. (*Id.* at 1.) Plaintiff's declarations state that a WSH social worker has been withholding his legal documents and obstructing his access to an English-

---

[1] The document was received by the Court on September 29, 2025, but not posted to the docket until October 8, 2025. (*See* dkt. # 45.)

ORDER - 1

1 Chinese dictionary. (*Id.* at 2-3.) Both declarations end with an instruction to refer to "the
2 documents I requested Yinghua Chen to send" for further details. (*Id.*)

3 It is unclear which documents Plaintiff may be referring to, but the Court notes that Ms.
4 Chen has filed several motions on Plaintiff's behalf. (*See* dkt. ## 13, 31-32.) These motions
5 asserted that Plaintiff faced language difficulties and that the social worker and other WSH
6 workers have violated Plaintiff's rights by withholding incoming and outgoing mail and
7 obstructing his access to translation resources. (*Id.*) The motions request that the Court deliver
8 Chinese translations of documents to Plaintiff, email copies of documents to Ms. Chen, and
9 extend or suspend Plaintiff's response deadlines. (*Id.*) The Court struck the motions because Ms.
10 Chen did not appear to have any legal authority to act on Plaintiff's behalf in this action. (Dkt.
11 ## 25, 37.)

12 The Court's Order striking Ms. Chen's most recent motions was issued on the same date
13 Plaintiff's declarations were received and, because the declarations were not immediately posted
14 to the docket, the Court did not have the benefit of those declarations prior to issuing its Order.
15 However, even if the Court had timely received Plaintiff's declarations and considered them
16 along with the motions filed by Ms. Chen, the relief sought is unavailable or has already been
17 granted. First, to the extent Plaintiff may be seeking to bring claims against the social worker,
18 such claims are not appropriate in this action and would have to be brought in a separate action.
19 Second, the Court is not able to provide translated materials in this civil action nor to send docket
20 filings to Ms. Chen, who is not a party or attorney in this action. The Court has already extended
21 deadlines for Plaintiff to respond to Defendant's pending motions to dismiss, seal, and compel
22 discovery. (Dkt. # 42.) Future deadlines may be extended for good cause shown. *See* Fed. R. Civ.
23

1  P. 16(b)(4); Local Rules W.D. Wash. LCR 7(j), 16(b)(6). Accordingly, the Court concludes that

2  no further action should be taken at this juncture based on Plaintiff's declarations (dkt. # 45).

3  The Clerk is directed to send copies of this order to the parties and to the Honorable

4  Jamal N. Whitehead.

5  Dated this 9th day of October, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3