UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WEN YU,

                Plaintiff,

     v.

MEESHA SIDHU,

                Defendant.

Case No. C25-5203-JNW-MLP

REPORT AND RECOMMENDATION

     This matter is before the Court on Defendant Meesha Sidhu's ("Defendant" or "Dr. Sidhu") (1) two Motions to Seal (dkt. ## 26, 56); (2) Motion to Compel (dkt. # 35); and (3) Motion to Dismiss (Mot. (dkt. # 21)). No response was filed to the motions to seal or to compel. Plaintiff Wen Yu ("Plaintiff" or "Mr. Yu"), through counsel, filed an opposition to the Motion to Dismiss (Resp. (dkt. # 53)) and Dr. Sidhu filed a reply (Reply (dkt. # 55)).[1] Having considered the parties' submissions, the balance of the record, and the governing law, the Court GRANTS Defendant's Motions to Seal (dkt. ## 26, 56), GRANTS Defendant's Motion to Compel (dkt. # 35), and recommends Defendant's Motion to Dismiss (dkt. # 21) be GRANTED in part.

---

[1] Plaintiff's Response is deficient in several respects, for example, inserting random references to the Wikipedia website and misrepresenting the holding of at least one case. (*See* Resp. at 12 (wrongly asserting that in *Kulas v. Valdez*, 159 F.3d 453 (9th Cir. 1998), the Ninth Circuit denied qualified immunity).) Counsel is reminded of his Rule 11 obligations. Future deficient filings may be stricken.

REPORT AND RECOMMENDATION - 1

## I.    BACKGROUND

On March 12, 2025, Plaintiff, proceeding *pro se* at the time, filed the instant action pursuant to 42 U.S.C. § 1983. (Dkt. # 1.) In the operative Amended Complaint, Mr. Yu alleges that around October 31, 2024, Dr. Sidhu petitioned in state court for an involuntary medication order without having evaluated Mr. Yu in person and despite knowing that it would violate Mr. Yu's Falun Gong spiritual practices. (Am. Compl. (dkt. # 6) at 4-6.) Mr. Yu further alleges that on December 6, 2024, he was taken to court by force without prior notice of the hearing, legal counsel, or sufficient time to prepare a defense. (*Id.* at 5.) His first and second counts assert First Amendment freedom of religion and Fourteenth Amendment due process claims. (*Id.* at 4, 6.) In his third count, Mr. Yu alleges that on December 12, 2024, Dr. Sidhu personally participated with other staff to restrain him for a forced injection and, as a result, Mr. Yu sustained cracked ribs. (*Id.* at 7-8.) He asserts an Eight Amendment claim of excessive force or cruel and unusual punishment. (*Id.* at 7.)

Plaintiff claims he experiences ongoing pain and exhaustion as a result of the cracked ribs and suffered mental anguish and physical side effects from the involuntary medication. (Am. Compl. at 5, 7-8.) He requests immediate termination of the involuntary medication order and compensation of $5,130,000. (*Id.* at 9.)

## II.    DISCUSSION

### A.    Motions to Seal

In the motions to seal (dkt. ## 26, 56), Defendant seeks to seal a document containing mental health records (dkt. # 27) and a declaration regarding Mr. Yu's treatment (dkt. # 58), citing his medical privacy. Plaintiff submitted no opposition.

REPORT AND RECOMMENDATION - 2

In general, there is a strong presumption for public access to court files. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); Local Rules W.D. Wash. LCR 5(g). A party seeking to seal a document submitted in relation to a dispositive motion must provide compelling reasons "that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1179.

Courts regularly recognize that, even where a plaintiff has put certain aspects of his medical status at issue, "the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Aguilar v. Koehn*, 2018 WL 4839021, at *2 (D. Nev. Oct. 4, 2018) (collecting cases). Having reviewed the sealed documents, the Court finds that compelling privacy concerns regarding personal health records outweigh the public interest in disclosure. *See, e.g.*, *K.K. v. Premera Blue Cross*, 2023 WL 3948236, at *5 (W.D. Wash. June 12, 2023), *aff'd*, 2025 WL 415721 (9th Cir. Feb. 6, 2025). Accordingly, the Court grants the motions to seal.

**B.    Motion to Dismiss**

Defendant moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(1), arguing this Court should abstain from exercising jurisdiction under the *Younger* or *Rooker-Feldman* doctrines. (Mot. at 7-8 (citing *Younger v. Harris*, 404 U.S. 37 (1971); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).) In the alternative, Defendant argues that Plaintiff's claim for termination of the involuntary medication order should be dismissed as moot pursuant to Rule 12(b)(6) because the order has expired and his damages claim is barred by qualified immunity. (*Id.* at 8.)

Much of Plaintiff's response brief is dedicated to describing persecution originating from China and arguing that his reasonable fear of persecution led to the incident for which he was criminally charged. (Resp. at 1-9.) Plaintiff offers no argument in support of his current claims challenging the December 2024 involuntary medication order and forced injection. Instead, he argues that he continues to be involuntarily medicated during civil commitment proceedings without a court order. (*Id.* at 4, 9-13.)

### 1.    Due Process and Religious Freedom Claims

Defendant argues *Younger* abstention applies because there was an ongoing criminal proceeding when Plaintiff filed suit and there is now a proceeding to determine whether Mr. Yu should be civilly committed.[2] In the alternative, Defendant contends abstention under the *Rooker-Feldman* doctrine is appropriate because Plaintiff essentially seeks federal court review of the state court's involuntary medication order. (Mot. at 7-8.)

Federal *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state proceeding. *Betschart v. Oregon*, 103 F.4th 607, 617 (9th Cir. 2024). Even when all four factors are met, abstention is inappropriate where there are "extraordinary circumstances" such as bad faith, harassment, or a showing of irreparable injury. *Id.* It is not clear if the third and fourth *Younger* factors are met here because Mr. Yu alleges he was not permitted sufficient time to prepare for the proceeding and because the expired involuntary medication order can no longer be enjoined.

---

[2] Plaintiff and Defendant agree that no involuntary medication order remains in effect. (Mot. at 9; Resp. at 11.)

REPORT AND RECOMMENDATION - 4

The Court finds, however, that the *Rooker-Feldman* doctrine counsels against exercising jurisdiction here. Under the *Rooker-Feldman* doctrine, "federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). The doctrine bars a federal district court from exercising subject matter jurisdiction "not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Id*. (citing *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "A federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal." *Noel*, 341 F.3d at 1158. In determining whether an action functions as a de facto appeal, the court pays close attention to the relief sought. *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022). "A 'forbidden de facto appeal under *Rooker-Feldman*' arises 'when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.'" *Id*. (quoting *Noel*, 341 F.3d at 1163).

A district court must also refuse to decide any issue that is inextricably intertwined with an issue resolved by the state court in its decision. *Noel*, 341 F.3d at 1158. "Claims are inextricably intertwined if 'the relief requested in the federal action would effectively reverse the state court decision or void its ruling.'" *Hooper*, 56 F.4th at 624-25 (quoting *Cooper*, 704 F.3d at 779). Stated another way: "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). *Rooker-Feldman* applies "even where the challenge to the state court decision involves federal constitutional issues, including section 1983 claims." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021).

REPORT AND RECOMMENDATION - 5

Here, to award Plaintiff an injunction or damages based on his First and Fourteenth Amendment claims, the Court would have to conclude the state court was wrong to rely on Dr. Sidhu's assessment or erred by failing to give Mr. Yu sufficient opportunity to prepare for the hearing. Comity requires this Court to abstain from exercising jurisdiction over such claims. Accordingly, this Court recommends the first and second counts of the Amended Complaint be dismissed with prejudice.

2.    *Eighth Amendment Excessive Force Claim*

While Defendant does not expressly address Plaintiff's excessive force claim, he argues he is protected by qualified immunity because he worked under a lawful court order when he participated in medicating Mr. Yu. (Mot. at 10.)

Qualified immunity protects officials "from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (cleaned up); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In assessing qualified immunity on a motion to dismiss, a court considers whether a plaintiff has alleged that a defendant "acted unreasonably to deprive him of a clearly-established constitutional right, taking the allegations in his complaint as true, and considering all reasonable inferences from the alleged facts." *Ellis v. City of San Diego, Cal.*, 176 F.3d 1183, 1191 (9th Cir. 1999), *as amended on denial of reh'g* (June 23, 1999). "[D]ismissal is not appropriate unless [the Court] can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001)). Although defendants are entitled to raise qualified immunity in a motion to dismiss, generally speaking, it is better addressed in the context of a motion for summary judgment. *See Wong v. United States*, 373 F.3d 952, 956-57

REPORT AND RECOMMENDATION - 6

(9th Cir. 2004) (noting that it is difficult for courts to decide qualified immunity at the motion to dismiss stage because it forces a court to decide a "far-reaching constitutional question on a nonexistent factual record," and suggesting the issue is better left for summary judgment). Thus, if the court determines dismissal is not appropriate, the court may deny a qualified immunity defense without prejudice and allow a defendant to re-raise the defense after further factual development at summary judgment or at trial. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999).

Defendant argues that no clearly established case law put him on notice that "administering medication" pursuant to court order was illegal. (Reply at 6.) Plaintiff's Amended Complaint alleges that the force used to administer the medication was excessive, however. To succeed on an excessive force claim, a detainee must show that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case,'" without regard to the officers' underlying intent or motivation. *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Even when an involuntary medical procedure is authorized, "it is still unreasonable if the degree of force employed to carry it out is excessive." *Ellis*, 176 F.3d at 1192 (denying qualified immunity for forcibly taking blood and urine samples even if pursuant to valid search). Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, he had a clearly established right to be free of excessive force, even when that force was used pursuant to a valid involuntary medication order. Accordingly, the Court recommends Defendant's Motion be denied without prejudice as to Plaintiff's third count.

## C.    Motion to Compel

In a scheduling order issued on July 2, 2025, the Court ordered discovery to be completed by October 3, 2025. (Dkt. # 11.) Defendant's counsel, Anthony M. Czar, states that interrogatories were served on Mr. Yu on July 24, 2025. (Czar Decl. (dkt. # 36), ¶ 4.) Counsel attempted to call Mr. Yu on July 31, 2025, and September 25, 2025, with a Mandarin interpreter present, and sent him a letter translated into Mandarin on September 11, 2025. (*Id.*, ¶¶ 5-6.) Mr. Yu declined to participate in any calls and has not responded to the interrogatories or letter. (*Id.*, ¶¶ 5-7; dkt. # 35 at 2-3.) On September 26, 2025, Defendant filed the Motion to Compel, contending he will be prejudiced if he has to defend himself without Mr. Yu's interrogatory responses. (Dkt. # 35 at 2.) Pursuant to Rule 37(a)(3)(B)(iii) and (b)(2)(A)(v), he requests an order compelling responses to his interrogatories and dismissing the case as a sanction for any further noncompliance. (*Id.*)

Defendant propounded interrogatories well in advance of the discovery deadline. Responses were required within 30 days. Fed. R. Civ. P. 33(b)(2). Plaintiff has not responded nor provided any objection or other reason not to respond. Accordingly, the Court grants Defendant's Motion to Compel. Plaintiff must respond to the interrogatories within thirty days or risk sanctions. The discovery and dispositive motions deadlines will be amended accordingly.

## III.    CONCLUSION

For the foregoing reasons, this Court ORDERS as follows:

(1)    Defendant's Motions to Seal (dkt. ## 26, 56) are GRANTED. The Clerk is directed to maintain docket ## 26 and 56 under seal.

REPORT AND RECOMMENDATION - 8

(2)     Defendant's Motion to Compel (dkt. # 35) is GRANTED. Plaintiff is ORDERED to respond to Defendant's interrogatories within **thirty (30) days**. All discovery shall be completed by **March 6, 2026**. Any dispositive motion shall be filed and served by **April 6, 2026**.

This Court recommends that Defendant's Motion to Dismiss (dkt. # 21) be GRANTED in part and the first and second counts in Plaintiff's Amended Complaint be dismissed. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 29, 2026**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Jamal N. Whitehead.

Dated this 8th day of January, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9